**EXHIBIT 2 (a)**

STATE OF TEXAS
COUNTY OF COLLIN

I, Lynne Finley, Clerk of the District Courts of Collin County, Texas, do hereby certify that the above and foregoing is a true and correct copy of the complete file of Cause No. 417-01551-2016 as the same appears on file in the District Court, Collin County, Texas.

Witness my hand and seal of office at McKinney, Collin County, Texas on this the 24th day of May, 2016.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

Signed: 5/24/2016 3:26:57 PM

By: _____, Deputy
Angela Henderson

417TH DISTRICT COURT

# CASE SUMMARY

## CASE NO. 417-01551-2016

| Leon Dale Laird vs. Corbin Trucking, LLC, and Jason Dean Gully | § § § § | Location: Judicial Officer: Filed on: | 417th District Court Wheless, Cynthia M 04/08/2016 |
|---|---|---|---|

### CASE INFORMATION

Case Type: **Motor Vehicle**

Case Flags: **Jury Fee Paid**

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**
Case Number          417-01551-2016
Court          417th District Court
Date Assigned          04/08/2016
Judicial Officer          Wheless, Cynthia M

### PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| Plaintiff | Laird, Leon Dale | Kuzmich, Stephen *Retained* 972-434-1555(W) |
| Defendant | Corbin Trucking, LLC | Walsh IV, David M *Retained* 214-905-2003(W) |
|  | Gully, Jason Dean | Walsh IV, David M *Retained* 214-905-2003(W) |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|

04/08/2016    Plaintiff's Original Petition (OCA) $293.00
*Plaintiff's Original Petition and Request for Disclosure*
Party: Plaintiff Laird, Leon Dale

04/08/2016    Request for Citation $8.00

04/08/2016    **Citation**

         Corbin Trucking, LLC      served   04/26/2016

         Gully, Jason Dean      unserved

05/02/2016    Service Return
*Corbin Trucking*

05/23/2016    Original Answer
*Defendants Corbin Trucking, LLC and Jason Dean Gully's Original Answer to Plaintiff's Original Petition*
Party: Defendant Corbin Trucking, LLC; Defendant Gully, Jason Dean

05/23/2016    Jury Fee Paid $40.00
*Jury Demand of Defendants*
Party: Defendant Corbin Trucking, LLC; Defendant Gully, Jason Dean

## 417TH DISTRICT COURT
# CASE SUMMARY
## CASE NO. 417-01551-2016

05/24/2016  📑 Rule 11 Agreement

| DATE | FINANCIAL INFORMATION |
|---|---|

| Defendant Corbin Trucking, LLC | |
|---|---|
| Total Charges | 40.00 |
| Total Payments and Credits | 40.00 |
| **Balance Due as of 5/24/2016** | **0.00** |

| Plaintiff Laird, Leon Dale | |
|---|---|
| Total Charges | 309.00 |
| Total Payments and Credits | 309.00 |
| **Balance Due as of 5/24/2016** | **0.00** |

Filed: 4/8/2016 2:25:12 PM
Yoon Kim
District Clerk
Collin County, Texas
By Vanessa Araiza Deputy
Envelope ID: 10028827

NO. ___417-01551-2016___

| | | |
|---|---|---|
| LEON DALE LAIRD, | § | IN THE _____ |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| CORBIN TRUCKING, LLC and JASON | § | |
| DEAN GULLY, | § | |
| | § | |
| Defendants | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LEON DALE LAIRD (hereinafter referred to as Plaintiff) complaining of CORBIN TRUCKING, LLC (hereinafter referred to as Defendant CORBIN) and JASON DEAN GULLY (hereinafter referred to as Defendant GULLY) and for cause of action would show the following:

### I.
### Discovery Control Plan

The damages sought are within the jurisdictions of this Court. Discovery should therefore be conducted in accordance with Civil Procedure Rule 190.3 (Level 2 Discovery).

### II.
### Parties

Plaintiff, LEON DALE LAIRD, is a resident of Denton County, Texas. In accordance with Texas Civil Practice and Remedies Code §30.014, Plaintiff asserts

that the last three digits of his driver's license number are 841 and the last three digits of his social security number are 457.

Defendant CORBIN TRUCKING, LLC is a limited liability company organized and existing under the laws of the State of Missouri, and may be served through their registered agent, Robert Neil Corbin, 24741 Hwy. 24, Dover, MO 64022.

Defendant JASON DEAN GULLY is an individual who resides at 204 Samuel Street, Huntsville, MO 65259 and may be served with process at that address or wherever he may be found.

### III.
### Jurisdiction and Venue

Venue is proper in this Court because the accident, which is the basis of the lawsuit, occurred in Collin County, Texas so that all or a substantial part of the events or omissions giving rise to the claim occurred in Collin County, Texas

### IV.
### Factual Allegations

On or about January 21, 2015, Plaintiff LEON DALE LAIRD, was driving a 2007 Chevrolet 2500 southbound at the 1400 block of US 75, in McKinney, Texas and was stopped in traffic. Defendant JASON DEAN GULLY, while in the course and scope of his employment with CORBIN, was driving an 18 wheeler southbound on US 75 directly behind LEON DALE LARD, failed to slow down and slammed into the rear of Mr. Laird's vehicle with such force that it forced his

¾ ton truck into the rear of the vehicle in front of him.  Defendant GULLY was following too close and not paying attention.  This impact caused massive damage to Plaintiff LEON DALE LAIRD's vehicle and severe, permanent personal injuries to Plaintiff LEON DALE LAIRD.

## V.
### Negligence

At all times mentioned herein, Defendant GULLY was negligent in one or more of, but not necessarily limited to, the following acts and/or omissions, as well as other acts:

1.    Defendant GULLY was inattentive.

2.    Defendant GULLY followed too closely.

3.    Defendant GULLY failed to control his vehicle.

4.    Defendant GULLY failed to keep a proper lookout.

5.    Defendant GULLY failed to properly apply his brakes.

6.    Defendant GULLY failed to operate his vehicle in a reasonably prudent manner.

At the time of the collision, Defendant CORBIN was negligent in one or more of, but not necessarily limited to, the following acts and/or omissions, as well as other acts:

1.    In failing to provide proper training, supervision, and instruction to Defendant GULLY.

2.      In failing to have policies and procedures in place to limit, reduce and/or eliminate distractions to Defendant GULLY while driving.

3.      In requiring Defendant GULLY to perform his employment in a manner that he believed he could not accomplish while driving in a reasonably prudent manner.

4.      In failing to maintain adequate and safe working conditions.

5.      In failing to provide Defendant GULLY with adequate safety training on distracted driving.

6.      In failing to provide Defendant GULLY with adequate safety training on the danger of following too closely.

Defendants' negligence as stated above proximately caused the collision and the damages set forth below.

## VI.
## Vicarious Liability

At all times material hereto, Defendant GULLY was acting within the course and scope of his employment and/or agency relationship with Defendant CORBIN. Defendant CORBIN is vicariously liable for the damages caused by the negligence of Defendant GULLY. Additionally, Defendant CORBIN has the right to control Defendant GULLY in that they set forth policies and procedures to follow during his work day.

In the alternative, at all times mentioned Defendant GULLY and Defendant CORBIN were engaged in a joint enterprise in that Defendant GULLY was a paid

driver for Defendant CORBIN. Each of them shared some control as to how the vehicle was operated at the time of the collision; Defendant GULLY by actually operating the vehicle and Defendant CORBIN by setting forth or failing to set forth safety policies and procedures.

In the alternative, Defendant GULLY was subject to the control of Defendant CORBIN, as a special employer, is vicariously liable for the negligence of their borrowed servant, Defendant GULLY.

## VII.
### Damages

As a direct and proximate result of the negligence of Defendant GULLY and Defendant CORBIN, Plaintiff has suffered:

1.   Past and future reasonable medical expenses;

2.   Past and future physical and mental pain and suffering;

3.   Past and future mental anguish; and,

4.   Past and future permanent physical impairment;

5.   Lost wages; and

6.   Loss of earning capacity.

For these losses Plaintiff seeks damages in a sum within the jurisdictional limits of the Court.

## VIII.
### Request For Disclosure

Plaintiff hereby propounds Request For Disclosure, information or material described in Rule 194.2 (a)-(k), to each and every Defendant.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that all Defendants be cited to appear and answer herein, and Plaintiff recover judgment of and from these Defendants jointly and severally for:

7.   Actual and special damages in such amount as the evidence may show and the jury may determine to be proper;

8.   Pre-judgment interest and post-judgment interest;

9.   Costs of suit, and;

10.  Such other and further relief to which Plaintiff may show to be justly entitled.

Respectfully submitted,

By: _____

STEVE KUZMICH
Texas Bar Card No. 00789428
NICOLE GORDILLO
Texas Bar Card No. 24071743
SEAN KILGORE
Texas Bar Card No. 24044202
Kuzmich Law Firm, P.C.
335 West Main Street
Lewisville, Texas 75057
(972) 434-1555 METRO
(972) 219-9948 FAX
skuzmich@kuzmichlaw.com
ngordillo@kuzmichlaw.com
skilgore@kuzmichlaw.comm
ATTORNEYS FOR PLAINTIFF

NO. _____

| LEON DALE LAIRD, | § | IN THE _____ |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| CORBIN TRUCKING, LLC and JASON | § | |
| DEAN GULLY, | § | |
| | § | |
| Defendants | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT, CORBIN TRUCKING, LLC

TO: DEFENDANT, CORBIN TRUCKING, LLC

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, you are hereby requested to answer separately and fully in writing and under oath each of the following interrogatories and are further requested to serve your answers on this petitioner after fifty (50) days after delivery of these Interrogatories to you, by causing same to be delivered to Steve Kuzmich at the Kuzmich Law Firm, P.C., 335 West Main Street, Lewisville, Texas 75057.

You are further charged with a duty, to supplement your answers to these interrogatories if you later obtain information upon the basis of which:

(1) You know that the answer to any interrogatory was incorrectly made;

(2) You know that the answer to such interrogatory, though correctly made, is no longer true and the circumstances are such that failure to amend the answer is in substance a knowing concealment of your misrepresentation; and

I.
PRIVILEGE

For each document and communication requested to be identified herein which is sought to be withheld from disclosure, in whole or in part, under a claim of protection by the Rules, privilege or immunity, provide the following information: identify the document or communication, and identify each person to whom any part of the contents of the document or communication has been communicated, and state the factual basis on which privilege or immunity is claimed.

II.
DEFINITIONS

1. When the term "DEFENDANT" is used, this term refers to DEFENDANT, CORBIN TRUCKING, LLC, its employees, owners, & agents unless otherwise noted.

2. "You" or "Your" means the person to whom these Interrogatories are directed, all present and former spouses, and all directors, officers, employees, agents, independent contractors or representatives of such person or entities in which you own an interest.

3. "Document" means matter on or in which information has been recorded by any means, whether physical, mechanical, electrical, electronic, photographic or otherwise, including by not limited to writings, drawings, printings, recordings, photographs, diagrams, blueprints, computer cards, disks or printouts, and include all non-identical copies of any of the above.

4. "Communication" means any transfer, attempted transfer or requests for a transfer of information between persons.

5. A document or communication "relating to" a subject matter is one constituting, comprising, identifying, referring to or dealing with the subject matter.

6. "Person" means any natural person, corporation, d/b/a/, a/k/a/, proprietorship, partnership, professional corporation, joint venture, association, group, governmental agency or agent, whether foreign or domestic, and other any entity.

7. "Identify" has the following meanings:

A.   When used in reference to a natural person, it means to state the person's full name, business affiliation, and title and the person's current telephone number, residence address and business address.

B.   When used in reference to a person other than a natural person, it means to state its full name, form or organization, agent for service of process, address of is principal office and each of its present business addresses and telephone numbers.

C.   When used in reference to a document, it means to state: (a) the type of document (letter, memorandum, telegram, chart, etc.), (b) the name, address, business affiliation and title of the author or signer thereof, (c) its date, (d) the name, address, business affiliation and title of all addressees and recipients, (e) its present location, and (f) the name, present address, business affiliation and title of the person having present custody thereof.

D.   When used in reference to a communication, it means: (a) (by documents, by telephone conversation, or by meeting, etc.), (b) if the communication was by documents, to identify each person who sent and received the document and state the date on which and place to which the document was sent and received, (c) if the communication was by telephone, to state the date and place of the communication, to identify each natural person who was present during all or part of the communication, and to describe in detail the information communicated by each natural person, (d) if the communication was by meeting, to state the date and place of the meeting, to identify each natural person who attended the meeting, and to describe in detail the information communicated by each natural person, and (e) if by means other than those described above, to identify each person who received the information communicated, to identify each natural person who provided the information communicated, to state the date on which the communication was sent and received, and to describe in detail the information communicated.

8.  "Or" means "and/or".

9.  The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to these Interrogatories.

10. "Date of the collision or date of the incident" shall mean January 21, 2015.

12. "Evidencing or evidences" shall mean tending to show, in any probative manner, the existence or nonexistence of a matter. "Evidencing" or "Evidences" also includes concerning, relating to, referring to, describing, or constituting.

13. "Accident, occurrence, collision, incident, incident in question or collision in question" refers to the collision of January 21, 2015 involving the parties to this lawsuit which is the subject of this litigation.

Respectfully submitted,

By: /s/ Steve Kuzmich
   **STEVE KUZMICH**
   Texas Bar Card No. 00789428
   **NICOLE GORDILLO**
   Texas Bar Card No. 24071743
   **SEAN KILGORE**
   Texas Bar Card No. 24044202
   Kuzmich Law Firm, P.C.
   335 West Main Street
   Lewisville, Texas 75057
   (972) 434-1555 METRO
   (972) 219-9948 FAX
   skuzmich@kuzmichlaw.com
   ngordillo@kuzmichlaw.com
   skilgore@kuzmichlaw.comm
   **ATTORNEY FOR PLAINTIFF**

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify each person who has investigated the Plaintiff and/or this case on the behalf of any Defendant prior to Defendant receiving formal notice of this lawsuit. Please state the beginning and ending date of each person's investigation. This Interrogatory applies, but is not limited to, insurance adjusters, persons employed by private adjusting firms and private investigators.

### RESPONSE:

### INTERROGATORY NO. 2:

Has any person, entity, or insurance company denied coverage to Defendant(s), or served a reservation of rights? If so, please state the name of each such person or entity and set out the reasons given to Defendant(s) for non-coverage, or reservation of rights.

### RESPONSE:

### INTERROGATORY NO. 3:

If you contend that Plaintiffs' or anyone else's acts caused or contributed to Plaintiffs' injuries and damages, please identify such persons or entities, the specific acts you complain of, and each person or entity with knowledge of facts regarding these contentions, if any.

### RESPONSE:

### INTERROGATORY NO. 4:

Please state the name, address, and telephone number of the driver of the Corbin vehicle which collided with Plaintiff on the date of the collision made the basis of the above entitled and numbered cause.

### RESPONSE:

## INTERROGATORY NO. 4:

Describe in detail the initial and continuing driver training requirements for Defendant JASON DEAN GULLY, the driver of the Corbin vehicle which collided with Plaintiff as of the date of the collision which is the subject matter of the above entitled and numbered cause.

### RESPONSE:

## INTERROGATORY NO. 5:

Please identify each individual who administered any driving safety and/or driving instruction to the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, during his employment or application for hire with your company, together with the date(s) said training was administered.

### RESPONSE:

## INTERROGATORY NO. 6:

Please identify each individual who administered any road test to driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, during his employment or application for hire with your company, together with the date(s) said road test(s) was/were administered.

### RESPONSE:

## INTERROGATORY NO. 7:

Please state the full extent of reprimands, disciplinary action, or incidents involving driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, following the collision.

### RESPONSE:

**INTERROGATORY NO. 8:**

Please state any and all scheduled delivery routes, appointments, meetings, or other work related matters that driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, was scheduled to attend or perform on the date of the collision.

**RESPONSE:**

**INTERROGATORY NO. 9:**

Please identify the full name, address, and phone number of the owner of the vehicle driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, was operating which was involved in the collision.

**RESPONSE:**

**INTERROGATORY NO. 10:**

Please identify the full legal name, address, and telephone number of the employer of driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, at the time of the collision.

**RESPONSE:**

**INTERROGATORY NO. 11:**

Please state whether or not the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, was acting within the course and scope of his employment at the time of the collision with the entity identified in the previous Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 12:**

Please state the account number, telephone number, and cellular telephone provider/carrier of any and all cellular telephones in the possession of driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, at the time of the collision.

**RESPONSE:**

**INTERROGATORY NO. 13:**

Please state the full name, address, telephone number, and drivers' license number of each and every individual providing answers to these Interrogatories and indicate which questions each individual answered.

**RESPONSE:**

**INTERROGATORY NO. 14:**

Please state the full name, address, and telephone number of your director or head of your fleet safety program.

**RESPONSE:**

**INTERROGATORY NO. 15:**

Please describe all traffic collisions in which driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, has been involved, of which you are aware. In doing so, please identify:

a.) the date of the incident;
b.) location of the incident;
c.) city, county, and state of the incident;
d.) any violations or offenses alleged;
e.) any violations for which you was cited, and;
f.) the ultimate disposition of such citation.

**RESPONSE:**

NO. _____

| | | |
|---|---|---|
| LEON DALE LAIRD, | § | IN THE _____ |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| CORBIN TRUCKING, LLC and JASON | § | |
| DEAN GULLY, | § | |
| | § | |
| Defendants | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, CORBIN TRUCKING, LLC

TO:  DEFENDANT, CORBIN TRUCKING, LLC

Pursuant to Rule 196 et seq. of the Texas Rules of Civil Procedure, the Plaintiff requests that Defendant produce and/or permit inspection, copying, and photographing of the following designated documents or tangible things after fifty (50) days after delivery of these Requests at the office of Mr. Steve Kuzmich, Kuzmich Law Firm, P.C., 335 West Main Street, Lewisville, Texas 75057.

### DEFINITIONS

A.     "Document" and "documents" shall be used in their broadest sense and shall mean and include all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies and all attachments and appendices thereto. Without limiting the foregoing, the terms "document" and "documents" shall include all agreements, contracts, communications, correspondence, letters, telegrams, telexes, messages, memoranda, records, reports, books, summaries, or other records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of meetings and conferences, summaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor

records, forecasts, statistical data, statistical statements, work sheets, work papers, drafts, graphs, maps, charts, tables, marginal notations, notebooks, telephone bills or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, letters of credit, envelopes or folders or similar containers, voucher analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, tapes, photographs, punch cards, programs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made. The terms "document" and "documents" shall include all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original need not be separately produced. "Document" and "documents" means and includes all matter within the foregoing description that is in the possession, control or custody of the Defendant or in the possession, control or custody of any attorney for the Defendant. Without limiting the term "control", a document is deemed to be with your control if you have ownership, possession, or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

B.     The term "you" or "your" as used herein means, the person to who these requests for production is directed as well as all other persons acting or purporting to act on behalf of you, including any attorney or other representative.

C.     As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any document that might be deemed outside its scope by another construction.

D.     "Person" shall mean any individual, partnership, association, corporation, joint venture, firm proprietorship, agency, board, authority, commission, or other legal or business entity.

E.     "Communication" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery or otherwise.

F.     "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the users in making it, any stenographic, mechanical, electrical or other recording or transcription thereof which is a substantially verbatim recital of an oral statement made by the person making it and contemporaneously recorded.

G.     "Occurrence in question" refers to the occurrence made the basis of this action.

H.     "Identify", when used in reference to a person, means to state his or her full name and present or last known residential and business address and telephone number. "Identify", when used in reference to a writing or a document, means to state the type of writing or document (e.g., letter, memorandum, telegram, chart, contract or the like) or some other means of identification, its title, if any; a brief description of the document; the date it was prepared and executed; and its present location by address and the name of its custodian. If any such writing was, but is no longer, in your possession or subject to your control, state what disposition was made of it.

I.     "Defendant" as used herein means CORBIN TRUCKING, LLC.

J.     "Person" when used in these Request for Production includes human beings, corporations, partnerships, associations, joint ventures, governmental agencies (federal, state or local), or any other organization which may exist at law, and where any employee performs some task about which an inquiry is made in these Requests as part of his employment.

K.     "Date of the collision or date of the incident" shall mean January 21, 2015.

L.     "Evidencing or evidences" shall mean tending to show, in any probative manner, the existence or nonexistence of a matter.    "Evidencing" or "Evidences" also includes concerning, relating to, referring to, describing, or constituting.

M.     "Accident, occurrence, collision, incident, incident in question or accident in question" refers to the accident of January 21, 2015 involving the parties to this lawsuit which is the subject of this litigation.

## INSTRUCTIONS

A.     The originals of all documents or records shall be produced and shall be identified by the number of the request to which they are responsive.

B.     If Defendant contends it is 1not required to produce a document or record called for by this request because of any alleged privilege which you are not prepared to waive, you shall state the following:

> 1. The date or approximate date upon which the document or record was prepared;
>
> 2. The full name and last known business and residence address and telephone number of each person who wrote, signed, initialed or dictated, or otherwise participated in the preparation of the document or record; each person who was present when the document or record was prepared; each person to whom a copy or copies of the document or record was sent; each person who was sent or received the document; and the persons who have custody of the document;
>
> 3. Any identifying or reference number for the document or record or the identity of the file in which the document or record may be found;
>
> 4. The number of pages (or other appropriate units) of which the document or record is comprised;
>
> 5. A list of any and all attachments or enclosures of the document or record; and
>
> 6. The nature of the privilege asserted in any statutes or cases that Defendants contend supports their assertions of privilege.

Respectfully submitted,


By: /s/ Steve Kuzmich
**STEVE KUZMICH**
Texas Bar Card No. 00789428
**NICOLE GORDILLO**
Texas Bar Card No. 24071743
**SEAN KILGORE**
Texas Bar Card No. 24044202
Kuzmich Law Firm, P.C.
335 West Main Street
Lewisville, Texas 75057
(972) 434-1555 METRO
(972) 219-9948 FAX
skuzmich@kuzmichlaw.com
ngordillo@kuzmichlaw.com
skilgore@kuzmichlaw.comm
**ATTORNEYS FOR PLAINTIFF**

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Any and all photographs and/or videotapes, movies, films, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, measurements, computer simulations or any other demonstrative evidence that exist in Defendant's possession, custody or control, that pertain to this lawsuit, that depict the vehicle involved in the collision or the collision scene.

### REQUEST FOR PRODUCTION NO. 2:

Copies of any statements previously made by you or by an employee or a representative of you that pertain to this lawsuit.

### REQUEST FOR PRODUCTION NO. 3:

Copies of all treaties, periodicals, books or pamphlets (or portions thereof) on any subject of history, medicine or other sciences that you may offer to use in trial in this case.

### REQUEST FOR PRODUCTION NO. 4:

Please produce all documents identified in this Defendant's answers to Plaintiff's First Set of Interrogatories.

### REQUEST FOR PRODUCTION NO. 5:

Any and all photographs and/or videotapes, movies, films, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, measurements, computer simulations or any other demonstrative evidence that exist in Defendant's possession, custody or control, that depict the vehicles involved in the collision or the collision scene.

## REQUEST FOR PRODUCTION NO. 6:

A copy of any correspondence, reports and documents of any kind providing information about the collision which forms the basis of the lawsuit.

## REQUEST FOR PRODUCTION NO. 7:

Any and all photographs and/or videotapes, movies, films, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, measurements, computer simulations or any other demonstrative evidence that exist in Defendant's possession, custody or control, that is relevant to this collision which forms the basis of the lawsuit.

## REQUEST FOR PRODUCTION NO. 8:

All police reports or reports of any investigating unit which are in your possession regarding the collision which is the subject of this lawsuit.

## REQUEST FOR PRODUCTION NO. 9:

All Mary Carter agreements or verdict/settlement liability or damage allocation agreements pertaining or relating to this case.

## REQUEST FOR PRODUCTION NO. 10:

A copy of any and all written contracts which have been entered into between any of the Defendants or potential defendant in this lawsuit which might establish any of the following:

a.)   Ownership of the vehicle involved in the collision;
b.)   The identity of any corporation, business, individual or entity leasing or renting said vehicle;
c.)   The right of control of the vehicle on the date of the collision;
d.)   Course and scope of employment of the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, on the date of the collision; and
f.)   Any agreement between Defendants or potential Defendants.

## REQUEST FOR PRODUCTION NO. 11:

A copy of the drivers license of each individual who occupied the vehicles which were involved in the collision the subject of this litigation.

## REQUEST FOR PRODUCTION NO. 12:

Any document relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with relevant knowledge of facts named in discovery information provided to you before trial.

## REQUEST FOR PRODUCTION NO. 13:

Any written, taped or mechanically reproduced statement heretofore made of the Plaintiff.

## REQUEST FOR PRODUCTION NO. 14:

Any and all drug test results for the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, within the last ten (10) years.

## REQUEST FOR PRODUCTION NO. 15:

Any and all results of any random, "reasonable cause," pre-employment, biennial, and post-collision drug and alcohol testing for the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY.

## REQUEST FOR PRODUCTION NO. 16:

A copy of the drug and/or alcohol test results performed on the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, after the collision which is the subject matter of this case.

## REQUEST FOR PRODUCTION NO. 17:

A copy of any contract of employment, independent contractor agreement between any Defendants in this lawsuit.

## REQUEST FOR PRODUCTION NO. 18:

A true and correct copy of the any contract, memoranda, letter agreement, computer printout or any other document that establishes the full and correct name of the employer(s) of the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, at the time of the collision which is the subject matter of the above entitled and numbered cause.

## REQUEST FOR PRODUCTION NO. 19:

If you deny that the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, was within the course and scope of her employment with you on the date and at the time of the collision which is the subject matter of the above entitled and numbered cause, please provide a correct copy of any document that you rely upon to establish this fact.

## REQUEST FOR PRODUCTION NO. 20:

As to the the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, produce the following documents and items from your files:

  a.   personnel file;
  b.   record of required driving test;
  c.   disciplinary action memos or notices;
  d.   driver's qualification file;
  e.   driving records;
  f.   trip reports for the dates of January 1, 2010 through January 21, 2015;
  g.   records of all prior motor vehicle collisions while working for or with CORBIN TRUCKING, LLC;
  h.   Notice of termination of employment together with copies of any correspondence sent regarding his termination of employment with your company;
  i.   All drug and alcohol test results regarding the driver of the Corbin

vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, during his employment or application for hire with your company;

j.   10 years previous employment history provided to your company for the driver of the Corbin vehicle, Defendant JASON DEAN GULLY which collided with Plaintiff; and

k.   All training, human resource, risk management, safety files.

## REQUEST FOR PRODUCTION NO. 21:

Please produce a copy of any incident report, collision report, claim form or any other like document prepared by or for the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, submitted to his employer setting forth his version of the collision which is the subject matter of the above entitled and numbered cause.

## REQUEST FOR PRODUCTION NO. 22:

Any and all call-in reports or "collision call records" generated pertaining to the collision, which is the basis of the lawsuit.

## REQUEST FOR PRODUCTION NO. 23:

Complete copies of any Certifications or Record of Driver's Road Test results and/or written examinations regarding the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, given by the Defendant CORBIN FREIGHT, INC. during his employment or application for hire with your company.

## REQUEST FOR PRODUCTION NO. 24:

Any e-mail transmissions or text messages sent from or reviewed the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, on the day of the collision.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all cellular telephone records of the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, on the day of the collision.

**REQUEST FOR PRODUCTION NO. 26:**

Copies of any first and/or subsequent reports of collision forms which were prepared by your company and/or the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, regarding the January 21, 2015 collision which forms the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 27:**

Copies of any documents or writings which you contend support any contention that the collision, which forms the basis of this lawsuit, was the fault of any other person or entity.

**REQUEST FOR PRODUCTION NO. 28:**

Complete copies of each and every insuring agreement, bond or reinsurance agreement, along with all declaration's pages, amendments, endorsements, and changes to the policies which may provide coverage for the collision, which is the subject of the lawsuit.

**REQUEST FOR PRODUCTION NO. 29:**

A true and correct copy of any reports which the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, was required to make regarding the collision, which is the subject of the lawsuit.

**REQUEST FOR PRODUCTION NO. 30:**

A copy of any medical records for the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, for any treatment pertaining to his injuries from the collision, which the basis of this lawsuit.

## REQUEST FOR PRODUCTION NO. 31:

A copy of any documents reflecting any claims that the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, has filed with Workers Compensation.

## REQUEST FOR PRODUCTION NO. 32:

A copy of any damage appraisal made of any of the vehicles involved in the collision the subject of this litigation.

## REQUEST FOR PRODUCTION NO. 33:

A true and correct copy of any contract, memoranda, letter agreement, computer printout, vehicle title or any other document which identifies the owner of the vehicle driven by the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, at the time of the collision which is the subject matter of the above entitled and numbered cause.

## REQUEST FOR PRODUCTION NO. 34:

A true and correct copy of any contract, lease or rental agreement, which included the vehicle involved in the collision which is the subject matter of the above entitled and numbered cause and which was in effect on January 21, 2015.

## REQUEST FOR PRODUCTION NO. 35:

A true and correct copy of any contract, lease or rental agreement, which included the vehicle involved in the collision which is the subject matter of the above entitled and numbered cause and which was in effect for the twelve (12) months preceding January 21, 2015.

## REQUEST FOR PRODUCTION NO. 36:

A copy of any agreement between any Defendants in this lawsuit.

## REQUEST FOR PRODUCTION NO. 37:

A true and correct copy of any traffic violation or citation issued to the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, for the collision which is the subject matter of the above entitled and numbered cause.

## REQUEST FOR PRODUCTION NO. 38:

All medical and billing records of the Plaintiff obtained by any of the Defendants in this litigation.

## REQUEST FOR PRODUCTION NO. 39:

Any and all documents that describe your fleet safety program.

## REQUEST FOR PRODUCTION NO. 40:

Any and all documents that evidence the duties of your fleet safety director.

## REQUEST FOR PRODUCTION NO. 41:

Any and all documents evidencing any reprimands, disciplinary action, or incidents involving the driver of the Corbin vehicle which collided with Plaintiff, Defendant JASON DEAN GULLY, following the collision.

NO. _____

| | | |
|---|---|---|
| LEON DALE LAIRD, | § | IN THE _____ |
| | § | |
| Plaintiff | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| CORBIN TRUCKING, LLC and JASON | § | |
| DEAN GULLY, | § | |
| | § | |
| Defendants | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
## DEFENDANT, JASON DEAN GULLY

TO:   DEFENDANT, JASON DEAN GULLY

Pursuant to the Texas Rules of Civil Procedure, you are hereby requested

to answer separately and fully in writing and under oath each of the following

Interrogatories and are further requested to serve your answers on this Plaintiff

within fifty (50) days after delivery of these Interrogatories to you, by causing

same to be delivered to Steve Kuzmich, Kuzmich Law Firm, P.C. 335 West

Main Street, Lewisville, Texas 75057.

I.

## PRIVILEGE

For each document and communication requested to be identified herein
which is sought to be withheld from disclosure, in whole or in part, under a
claim of protection by the Rules, privilege or immunity, provide the following
information: identify the document or communication, and identify each person
to whom any part of the contents of the document or communication has been
communicated, and state the factual basis on which privilege or immunity is
claimed.

II.

## DEFINITIONS

1.     When the term "DEFENDANT" is used, this term refers to DEFENDANT, JASON DEAN GULLY. When the term "the collision" is used, this term refers to the incident made the basis of this lawsuit, which occurred on January 21, 2015.

2.  "You" or "Your" means the person to whom these Interrogatories are directed, all present and former spouses, and all directors, officers, employees, employers, agents, independent contractors or representatives of such person or entities in which you own an interest.

3.    "Document" means matter on or in which information has been recorded by any means, whether physical, mechanical, electrical, electronic, photographic or otherwise, including by not limited to writings, drawings, printings, recordings, photographs, diagrams, blueprints, computer cards, disks or printouts, and include all non-identical copies of any of the above.

4.  "Communication" means any transfer, attempted transfer or requests for a transfer of information between persons.

5.  A document or communication "relating to" a subject matter is one constituting, comprising, identifying, referring to or dealing with the subject matter.

6.    "Person" means any natural person, corporation, d/b/a/, a/k/a/, proprietorship, partnership, professional corporation, joint venture, association, group, governmental agency or agent, whether foreign or domestic, and other any entity.

7.  "Identify" has the following meanings:

      A.    When used in reference to a natural person, it means to state the person's full name, business affiliation, and title and the person's current telephone number, residence address and business address.

B.      When used in reference to a person other than a natural person, it means to state its full name, form or organization, agent for service of process, address of is principal office and each of its present business addresses and telephone numbers.

C.      When used in reference to a document, it means to state: (a) the type of document (letter, memorandum, telegram, chart, etc.), (b) the name, address, business affiliation and title of the author or signer thereof, (c) its date, (d) the name, address, business affiliation and title of all addressees and recipients, (e) its present location, and (f) the name, present address, business affiliation and title of the person having present custody thereof.

D.      When used in reference to a communication, it means: (a) (by documents, by telephone conversation, or by meeting, etc.), (b) if the communication was by documents, to identify each person who sent and received the document and state the date on which and place to which the document was sent and received, (c) if the communication was by telephone, to state the date and place of the communication, to identify each natural person who was present during all or part of the communication, and to describe in detail the information communicated by each natural person, (d) if the communication was by meeting, to state the date and place of the meeting, to identify each natural person who attended the meeting, and to describe in detail the information communicated by each natural person, and (e) if by means other than those described above, to identify each person who received the information communicated, to identify each natural person who provided the information communicated, to state the date on which the communication was sent and received, and to describe in detail the information communicated.

8. "Or" means "and/or".

9.   The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to these Interrogatories.

Respectfully Submitted,

By:___/s/ Steve Kuzmich_____
    **STEVE KUZMICH**
    Texas Bar Card No. 00789428
    **NICOLE GORDILLO**
    Texas Bar Card No. 24071743
    **SEAN KILGORE**
    Texas Bar Card No. 24044202
    Kuzmich Law Firm, P.C.
    335 West Main Street
    Lewisville, Texas 75057
    (972) 434-1555 METRO
    (972) 219-9948 FAX
    skuzmich@kuzmichlaw.com
    ngordillo@kuzmichlaw.com
    skilgore@kuzmichlaw.comm
    **ATTORNEYS FOR PLAINTIFF**

## INTERROGATORIES

### INTERROGATORY NO.1:

Please state whether or not you were in the course and scope of your employment with any individual or entity at the time of the collision and, if so, state the name, address and telephone number of that individual or entity.

### RESPONSE:

### INTERROGATORY NO. 2:

Please state the full legal name, address, telephone number, social security number and driver's license number of each and every individual providing answers to these Interrogatories and indicate which questions each individual answered.

### RESPONSE:

### INTERROGATORY NO. 3:

Please state the cellular phone number of any cellular phone you used on January 21, 2015, including the name, address and telephone number of all cellular phone service providers you used on January 21, 2015.

### RESPONSE:

### INTERROGATORY NO. 4:

Has any person or entity carrying on any insurance business denied coverage to you, or served a reservation of rights? If so, please state the name of each such person or entity and set out the reasons given for non-coverage, or reservation of rights.

### RESPONSE:

### INTERROGATORY NO. 5:

Please describe in detail your route of travel, on the date of the collision, beginning with the time period of 12:01 a.m., January 21, 2015 through 11:59 p.m., January 21, 2015. In doing so, please state:

- a. The location from which you had come and the location you were going;
- b. The route that was being traveled;
- c. The reason you were traveling this route; and,
- d. The time and location of each stop by you during the subject time period.

### RESPONSE:

### INTERROGATORY NO. 6:

Please describe how you were disciplined by your employer as a result of the collision.

### RESPONSE:

### INTERROGATORY NO. 7:

Please describe each and every physical impairment, which you have or had at the time of the collision, which affects your ability to drive in any way including, but not limited to vision impairment or the need for corrective lenses.

### RESPONSE:

### INTERROGATORY NO. 8:

Notwithstanding the collision, have you ever been involved in any other automobile accidents or vehicular collisions of any kind?  If so, please state the approximate date of each accident, the location of each accident, and the names,

addresses and telephone numbers of the individuals involved in each such accident.

**RESPONSE:**

**INTERROGATORY NO. 9:**

Please state the amount of time between the collision and when prior to the collision you had last use your cell phone.

**RESPONSE:**

**INTERROGATORY NO. 10:**

If you contend that the collision was caused by any act, event, omission, or circumstance other than your own negligence, please identify the other cause(s) of the collision which you contend.

**RESPONSE:**

**INTERROGATORY NO. 11:**

Please state your estimated speed when you first noticed Plaintiff's vehicle and the distance between your vehicle and Plaintiff's vehicle when you first noticed Plaintiff's vehicle.

**RESPONSE:**

**INTERROGATORY NO. 12:**

Please identify any and all actions you took to avoid the collision.

**RESPONSE:**

## INTERROGATORY NO.13:

Please state whether your driver's license has ever been suspended, the date your license was suspended, and the reason why it was suspended.

### RESPONSE:

## INTERROGATORY NO. 14:

Please state whether or not you had consumed any alcohol and/or medications, either prescribed or over the counter medications, within 48 hours prior to the collision and if so, state the name of alcohol and or medication consumed, how much alcohol and/or medication was consumed, and the time of that consumption.

### RESPONSE:

## INTERROGATORY NO. 15:

Please state the name, address, and telephone number of all medical and dental providers, including physicians, dentists, osteopaths, nurse practioners, physician's assistants, physical therapists, occupational therapists, home health care providers, psychiatrists, optometrists, ophthalmologists, chiropractors, and psychologists you have seen the last five (5) years.  In doing so, list the reason(s) for seeing each provider and the dates you were seen.
### RESPONSE:

## INTERROGATORY NO. 16:

Please state the name, address and telephone numbers of your employers in the last five (5) years and in doing so, state the dates you were employed by each employer, your rate of pay, your job description, and your reason for leaving the employer.

### RESPONSE:

**INTERROGATORY NO. 17:**

Please identify the contents in your vehicle at the time of the collision including but not limited to, lap top computers, CD player, cellular telephone, and/or hand held computer games.

**RESPONSE:**

**INTERROGATORY NO. 18:**

Please describe in general the content of any conversation(s) you had at the scene of the collision.

**RESPONSE:**

**INTERROGATORY NO. 19:**

Please describe any injuries you received as a result of the collision.

**RESPONSE:**

**INTERROGATORY NO. 20:**

Please state the full legal name of the owner/titleholder of the vehicle you were operating when this collision occurred.

**RESPONSE:**

**INTERROGATORY NO. 21:**

Please state the name, address and telephone number of each individual that inspected the collision scene.

**RESPONSE:**

## INTERROGATORY NO. 22:

Please identify any and all safety rules put in place by your employer which you violated on the day of the collision.

## RESPONSE:

## INTERROGATORY NO. 23:

Please provide the following information regarding any conviction for any felony, crime involving moral turpitude or any conviction for driving, while under the influence of alcohol or illegal drugs.

     a.     the style of the case of which you were convicted;

     b.     the date of said conviction;

     c.     your plea; and,

     d.     the punishment assessed against you.

## RESPONSE:

## INTERROGATORY NO. 22:

Please state the name of any individual or entity you were contracted employed by or contracted with on the day of the collision.

## RESPONSE:

NO. _____

| | | |
|---|---|---|
| LEON DALE LAIRD, | § | IN THE _____ |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| CORBIN TRUCKING, LLC and JASON | § | |
| DEAN GULLY, | § | |
| | § | |
| Defendants | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT, JASON DEAN GULLY

TO: DEFENDANT, JASON DEAN GULLY.

Pursuant to the Texas Rules of Civil Procedure, the Plaintiff requests that Defendant produce and/or permit inspection, copying, and photographing of the following designated documents or tangible things after fifty (50) days after delivery of these Requests at the office of Mr. Stephen Kuzmich, Kuzmich Law Firm, P.C., 335 West Main Street, Lewisville, Texas 75057.

### DEFINITIONS

A.    "Document" and "documents" shall be used in their broadest sense and shall mean and include all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies and all attachments and appendices thereto. Without limiting the foregoing, the terms "document" and "documents" shall include all agreements, contracts, communications, correspondence, letters, telegrams, telexes, messages, memoranda, records, reports, books, summaries, or other records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of meetings and conferences, summaries, dairies, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records,

forecasts, statistical data, statistical statements, work sheets, work papers, drafts, graphs, maps, charts, tables, marginal notations, notebooks, telephone bills or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, letters of credit, envelopes or folders or similar containers, voucher analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, tapes, photographs, punch cards, programs, data compilations from which information can be obtained (including  matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made.  The terms "document" and "documents" shall include all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original need not be separately produced.  "Document" and "documents" means and includes all matter within the foregoing description that is in the possession, control or custody of the Defendant or in the possession, control or custody of any attorney for the Defendant.  Without limiting the term "control", a document is deemed to be with your control if you have ownership, possession, or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

B.     The term "you" or "your" as used herein means, the person to who these requests for production is directed as well as all other persons acting or purporting to act on behalf of you, including any attorney or other representative.

C.     As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any document that might be deemed outside its scope by another construction.

D.     "Person" shall mean any individual, partnership, association, corporation, joint venture, firm proprietorship, agency, board, authority, commission, or other legal or business entity.

E.     "Communication" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery or otherwise.

F.    "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the users in making it, any stenographic, mechanical, electrical or other recording or transcription thereof which is a substantially verbatim recital of an oral statement made by the person making it and contemporaneously recorded.

G.    "Occurrence in question" refers to the occurrence made the basis of this action.

H.    "Identify", when used in reference to a person, means to state his or her full name and present or last known residential and business address and telephone number. "Identify", when used in reference to a writing or a document, means to state the type of writing or document (e.g., letter, memorandum, telegram, chart, contract or the like) or some other means of identification, its title, if any; a brief description of the document; the date it was prepared and executed; and its present location by address and the name of its custodian. If any such writing was, but is no longer, in your possession or subject to your control, state what disposition was made of it.

I.    "Defendant" as used herein means JASON DEAN GULLY.

J.    "Person" when used in these Request for Production includes human beings, corporations, partnerships, associations, joint ventures, governmental agencies (federal, state or local), or any other organization which may exist at law, and where any employee performs some task about which an inquiry is made in these Requests as part of his employment.

K.   "Date of the accident or date of the incident," shall mean January 21, 2015.

L.   "Evidencing or evidences" shall mean tending to show, in any probative manner, the existence or nonexistence of a matter.   "Evidencing" or "Evidences" also includes concerning, relating to, referring to, describing, or constituting.

M. "Accident, occurrence, collision, incident, incident in question or accident in question" refers to the accident of January 21, 2015.

## INSTRUCTIONS

A.    The originals of all documents or records shall be produced and shall be identified by the number of the request to which they are responsive.

B.    If Defendant contends they are not required to produce a document or record called for by this request because of any alleged privilege which you are not prepared to waive, you shall state the following:

> 1. The date or approximate date upon which the document or record was prepared;
>
> 2. The full name and last known business and residence address and telephone number of each person who wrote, signed, initialed or dictated, or otherwise participated in the preparation of the document or record; each person who was present when the document or record was prepared; each person to whom a copy or copies of the document or record was sent; each person who was sent or received the document; and the persons who have custody of the document;
>
> 3. Any identifying or reference number for the document or record or the identity of the file in which the document or record may be found;
>
> 4. The number of pages (or other appropriate units) of which the document or record is comprised;
>
> 5. A list of any and all attachments or enclosures of the document or record; and
>
> 6. The nature of the privilege asserted in any statutes or cases that Defendant contends support their assertions of privilege.

Respectfully submitted,


By: /s/ Steve Kuzmich
    **STEVE KUZMICH**
    Texas Bar Card No. 00789428
    **NICOLE GORDILLO**
    Texas Bar Card No. 24071743
    **SEAN KILGORE**
    Texas Bar Card No. 24044202
    Kuzmich Law Firm, P.C.
    335 West Main Street
    Lewisville, Texas 75057
    (972) 434-1555 METRO
    (972) 219-9948 FAX
    skuzmich@kuzmichlaw.com
    ngordillo@kuzmichlaw.com
    skilgore@kuzmichlaw.comm
    **ATTORNEYS FOR PLAINTIFF**

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Any and all photographs and/or videotapes that exist in Defendant's possession, custody or control that pertain to this lawsuit.

### REQUEST FOR PRODUCTION NO. 2:

Copies of any statements previously made by you or by an employee or a representative of you that pertain to this lawsuit.

### REQUEST FOR PRODUCTION NO. 3:

Copies of all treaties, periodicals, books or pamphlets (or portions thereof) on any subject of history, medicine or other sciences that you may offer to use in trial in this case.

### REQUEST FOR PRODUCTION NO. 4:

Please produce all documents identified in Defendant's answers to Plaintiff's First Set of Interrogatories.

### REQUEST FOR PRODUCTION NO. 5:

All photographs, videotapes, movies, films, drawings, diagrams and measurements, which are relevant to the collision the subject of this litigation.

### REQUEST FOR PRODUCTION NO. 6:

A copy of any insurance agreement, whether primary, excess and/or umbrella, under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

### REQUEST FOR PRODUCTION NO. 7:

A copy of any correspondence, reports and documents of any kind providing information about the collision, which forms the basis of the lawsuit.

## REQUEST FOR PRODUCTION NO. 8:

All police reports or reports of any investigating unit, which are in your possession regarding the collision, which is the subject of this lawsuit.

## REQUEST FOR PRODUCTION NO. 9:

All Mary Carter agreements or verdict/settlement liability or damage allocation agreements pertaining to or relating to this case.

## REQUEST FOR PRODUCTION NO. 10:

A copy of any and all written contracts which have been entered into between you and any other Defendant or potential defendant(s) in this lawsuit.

## REQUEST FOR PRODUCTION NO. 11:

A copy of the driver's license of each individual who occupied the vehicles, which were involved in the collision the subject of this litigation.

## REQUEST FOR PRODUCTION NO. 12:

A copy of any and all written contracts between you and your employer or any entity, which you contracted with to do work.

## REQUEST FOR PRODUCTION NO. 13:

A copy of the certificate of title of the vehicles, which were involved in the collision the subject of this litigation.

## REQUEST FOR PRODUCTION NO. 14:

A copy of any and all photographs that Defendant has of the vehicles involved in the collision the subject of this litigation, the parties, or the scene of the accident.

## REQUEST FOR PRODUCTION NO. 15:

A copy of any damage appraisal made of any of the vehicles involved in the collision the subject of this litigation.

## REQUEST FOR PRODUCTION NO. 16:

A copy of any contract of employment that would govern the relationship with any other party or bear on the issue of scope of employment.

## REQUEST FOR PRODUCTION NO. 17:

Any documents, reports or other written records, pertaining to any investigation by this or any other Defendant pertaining to the collision made the basis of this lawsuit.

## REQUEST FOR PRODUCTION NO. 18:

Any medical records which evidences any and all medical care that was given as a result of the collision.

## REQUEST FOR PRODUCTION NO. 19:

Any psychological and/or psychiatric records of Defendant from 2004 to the present.

## REQUEST FOR PRODUCTION NO. 20:

All medical and billing records of any Plaintiff obtained by the Defendant in this litigation.

## REQUEST FOR PRODUCTION NO. 21:

All repair bills and work invoices for repairs to the vehicle you were driving when involved in the collision the subject of this litigation for damage caused by the collision the subject of this litigation.

## REQUEST FOR PRODUCTION NO. 22:

Any existing list of the names, addresses, and telephone numbers of any witnesses who have knowledge of relevant facts including copies of their witness statements.

## REQUEST FOR PRODUCTION NO. 23:

All maintenance logs or repair records for any vehicle involved in the collision the subject of this litigation for the twenty-four (24) months preceding the accident.

## REQUEST FOR PRODUCTION NO. 24:

A true and correct copy of any contract, memoranda, letter agreement, computer printout, vehicle title or any other document which identifies the owner of the vehicle driven by Defendant, JASON DEAN GULLY at the time of the collision which is the subject matter of the above entitled and numbered cause.

## REQUEST FOR PRODUCTION NO. 25:

A true and correct copy of the any contract, memoranda, letter agreement, computer printout or any other document that establishes the full and correct name of the employer(s) of Defendant, JASON DEAN GULLY at the time of the collision which is the subject matter of the above entitled and numbered cause.

## REQUEST FOR PRODUCTION NO. 26:

Please produce a copy of any incident report, accident report, claim form or any other like document prepared by or for Defendant, JASON DEAN GULLY and submitted to her employer setting forth Defendant, JASON DEAN GULLY's version of the collision which is the subject matter of the above entitled and numbered cause.

## REQUEST FOR PRODUCTION NO. 27:

A true and correct copy of any traffic violation or citation issued to Defendant, JASON DEAN GULLY for the collision, which is the subject matter of the above entitled and numbered cause.

## REQUEST FOR PRODUCTION NO. 28:

A true and correct copy of any document which establishes where Defendant, JASON DEAN GULLY had been prior to the accident which is the subject matter of the

above entitled and numbered cause and her destination at the time of the collision which is the subject matter of the above entitled and numbered cause.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all employment records from your employer who employed you on January 21, 2015, including your personnel file.

**REQUEST FOR PRODUCTION NO. 30:**

Any driving test records from your employer who employed you on January 21, 2015.

**REQUEST FOR PRODUCTION NO. 31:**

Any disciplinary action memos or notices from your employer who employed you on January 21, 2015.

**REQUEST FOR PRODUCTION NO. 32:**

A complete copy of your driving records.

**REQUEST FOR PRODUCTION NO. 33:**

Your payroll records, including but not limited to pay stubs, W-2's, and/or bank deposit slips of the employer who employed you on January 21, 2015.

**REQUEST FOR PRODUCTION NO. 34:**

Records of all prior motor vehicle accidents while working for any employer.

**REQUEST FOR PRODUCTION NO. 35:**

Any documents regarding your termination of employment status since the date of the collision.

**REQUEST FOR PRODUCTION NO. 36:**

All alcohol and drug test results from your employer who employed you on January 21, 2015.

## REQUEST FOR PRODUCTION NO. 37:

A copy of any arrest record, information, complaint, plea bargain agreement, plea, judgment and/or sentence received by Defendant JASON DEAN GULLY for any criminal violation you were charged with as a result of the collision.

## REQUEST FOR PRODUCTION NO. 38:

A copy of any convictions or plea papers you intend to attempt to introduce into evidence for purposes of impeachment or for any purpose during the trial of the above entitled and numbered cause.

## REQUEST FOR PRODUCTION NO. 39:

A true and correct copy of any information, complaint, indictment, plea-bargain agreement and/or judgment and/or conviction received by Defendant JASON DEAN GULLY as a result of any conviction for a felony, a misdemeanor involving moral turpitude and/or driving while intoxicated.

## REQUEST FOR PRODUCTION NO. 40:

A true and correct copy of any information, complaint, indictment, plea-bargain agreement and/or judgment and/or conviction received by Defendant JASON DEAN GULLY as a result of the above referenced collision.

## REQUEST FOR PRODUCTION NO. 41:

Any computer and/or business records including but not limited to records from your smart phone, computer calendars and/or day planners pertaining to your appointments/meetings for 2014.

## REQUEST FOR PRODUCTION NO. 42:

Please provide the billing records for your cellular telephone for 2014.

## REQUEST FOR PRODUCTION NO. 43:

Please provide a complete copy of your cellular telephone records for the year 2014.

## REQUEST FOR PRODUCTION NO. 44:

A complete copy of your cellular phone call log itemization for January 21, 2015.

## REQUEST FOR PRODUCTION NO. 45:

Please provide all records which indicate the use of a cell phone by you on January 21, 2015 and/or the length and time of any cell phone calls on January 21, 2015.

## REQUEST FOR PRODUCTION NO. 46:

Please provide the employee handbook and/or policy manual of the employer who employed you on January 21, 2015.

## REQUEST FOR PRODUCTION NO. 47:

Please provide any policy and/or procedure of the employer who employed you on January 21, 2015, regarding cellular telephone usage.

## REQUEST FOR PRODUCTION NO. 48:

Please provide any policy and/or procedure of the employer who employed you on January 21, 2015 regarding hands free devices of cellular telephones.

## REQUEST FOR PRODUCTION NO. 49:

A copy of any appointment book, day planner or any other scheduling aid you used on January 21, 2015.

## REQUEST FOR PRODUCTION NO. 50:

A copy of any sign-in or sign-out sheet at any location you visited prior to the collision on January 21, 2015.

## REQUEST FOR PRODUCTION NO. 51:

Please provide any instructions or suggestions, which your employer provides to

its customers with regards safe driving procedures.

## REQUEST FOR PRODUCTION NO. 52:

Please provide any instructions or suggestions, which your employer provides to you with regard to cell phone use while driving.

## REQUEST FOR PRODUCTION NO. 53:

Please provide the purchase records for the cell phone you had in your vehicle at the time of the collision.

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.417-01551-2016

Leon Dale Laird vs. Corbin Trucking, LLC, and Jason
Dean Gully

In the 417th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Corbin Trucking, LLC
Reg'd Agent Robert Neil Corbin
24741 Hwy 24
Dover MO 64022, Defendant

GREETINGS: You are commanded to appear by filing a written answer to **Plaintiff's Original Petition and Request for Disclosure** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 417th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Stephen Kuzmich  335 W Main St  Lewisville TX 75057 (Attorney for Plaintiff or Plaintiffs), on  April 08, 2016, in this case, numbered 417-01551-2016 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition and Request for Disclosure** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 8th day of April, 2016.

ATTEST: Yoon Kim, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

Signed: 4/8/2016 4:02:53 PM

By _____ , Deputy
Vanessa Araiza

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.**

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.417-01551-2016

Leon Dale Laird vs. Corbin Trucking, LLC, and                           In the 417th District Court
Jason Dean Gully

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney
do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next
following the expiration of twenty days after you were served this citation and petition, a default judgment
may be taken against you."

TO: Jason Dean Gully
204 Samuel Street
Huntsville MO 65259, Defendant

GREETINGS: You are commanded to appear by filing a written answer to **Plaintiff's Original Petition
and Request for Disclosure** at or before ten o'clock A.M. on the Monday next after the expiration of twenty
days after the date of service of this citation before the Honorable 417th District Court of Collin County,
Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Stephen Kuzmich 335 W Main St Lewisville TX 75057
(Attorney for Plaintiff or Plaintiffs), on April 08, 2016, in this case, numbered 417-01551-2016 on the
docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition
and Request for Disclosure** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 8th day of April,
2016.

ATTEST: Yoon Kim, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

Signed: 4/8/2016 4:03:05 PM

By: _Vanessa Araiza_, Deputy

Vanessa Araiza

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice.
Any questions you have should be directed to an attorney.**

Filed: 5/2/2016 11:50:14 AM
Yoon Kim
District Clerk
Collin County, Texas
By Sarah Espinoza Deputy
Envelope ID: 10402977

### SERVICE RETURN

Came to hand on the _14_ day of _Apr.l_ , 20 _16_ , at _____ m., and executed on the _26_ day of _Apr.l_ , 20 _16_, at _18:6_ PM by delivering to the within named _Robert Neal Corbin_

_____ in person a true copy of this citation, with attached copy(ies) of the Petition, Request for Disclosure, First Set of Interrogatories and Request for Production at _24741 Hwy 24, Dover, mo. 65022_

Service Fee: $ _37.00_

_Kenneth Almberg L_     Sheriff/Constable
_Lafayette_     County, Missouri
_Dep. Az. O.C #148_
Service ID No. _____
Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _Clet Dazzel_
known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Collin County Courts to serve process.

Subscribed and sworn to before me on this the _26th_ day of _APRIL_ , 20 _16_

_Notary Public_

JACK E. LUEHRMAN
Notary Public - Notary Seal
State of Missouri
Lafayette County
Commission #14421245
My Commission Expires July 11, 2018

Filed: 5/24/2016 9:26:16 AM
Lynne Finley
District Clerk
Collin County, Texas
By Vanessa Araiza Deputy
Envelope ID: 10785552



CHAMBLEE I RYAN I KERSHAW I ANDERSON

May 9, 2016

## RULE 11 AGREEMENT

**VIA FAX (972) 219-9948**
Steve Kuzmich, Esq.
Kuzmich Law Firm, P.C.
335 West Main Street
Lewisville, Texas 75057

    Re:    *Leon Dale Laird vs. Corbin Trucking, LLC and Jason Dean Gully*
           Cause No. 417-01551-2016
           Our File No.: 546-7189

Dear Steve:

Pursuant to Rule 11 of the Texas Rules of Civil Procedure, this letter will confirm that you have graciously agreed to extend the deadline for Defendant Corbin Trucking, LLC to respond to Plaintiff's discovery requests by two weeks. Thus, responses to the discovery items that were served with Plaintiff's petition are now due on or before July 1, 2016.

If this letter accurately reflects our agreement, please sign below and return to me for filing with the Court (which will obviously occur after Defendant Corbin Trucking, LLC has answered the lawsuit). Otherwise, please contact me to discuss the matter further.

In the meantime, we are still working to see whether we can accept service on behalf of Defendant Jason Dean Gully.

Sincerely,

David M. Walsh IV

AGREED:

Steve Kuzmich
Kuzmich Law Firm, P.C.
Counsel for Plaintiff